STUART, Justice
(dissenting).
The petitioners, Dr. Dwight Hooper (“Dr. Hooper”) and Columbus Healthcare System, Inc. (“Columbus”), seek a writ of mandamus directing the Circuit Court of Russell County to vacate its orders denying their motions requesting that the plaintiffs’ claims against Columbus alleging negligent hiring, training, and supervision be severed from the claims of medical malpractice against Dr. Hooper and directing the trial court to order separate trials as to these claims.
This Court is denying the petitions for the writ of mandamus on the ground that the petitions were untimely. A petition for a writ of mandamus filed beyond the time for taking an appeal, in this case 42 days after the entry of the adverse ruling challenged by the party, is presumptively untimely. See Rule 21(a), Ala. R.App. P., and Ex parte Butts, 775 So.2d 173 (Ala.2000). In their statement of circumstances purporting to show good cause for their delay in filing the petitions, Dr. Hooper and Columbus state that they did not fully appreciate the plaintiffs’ intent to pursue expert-witness testimony regarding alleged past acts of Dr. Hooper that might be relevant to the plaintiffs’ claim for negligent hiring, training, and supervision against Columbus, but that would be highly prejudicial with regard to the medical-negligence claim against Dr. Hooper until on or about May 1, 2001, when the plaintiffs identified their expert witnesses, Dr. Dean Cromartie and Dr. Frank Boehme. According to Dr. Hooper and Columbus, both of these expert witnesses have previously testified in another medical-malpractice case pending in the Circuit Court of Russell County against Dr. Hooper, in which the plaintiff seeks damages from Dr. Hooper and his employer, Columbus, for the wrongful death of a fetus due to Dr. Hooper’s alleged failure to timely and properly perform a cesarean section. The plaintiff in that medical-malpractice case is represented by the same law firm representing the plaintiffs in the underlying case here.
Dr. Hooper and Columbus submit that there was “no perceived need to have this Court review the order of the Circuit Court of Russell County, Alabama, regarding severance prior to the disclosure of Dr. Cromartie and Dr. Boehme as experts for the plaintiffs.” I accept this explanation as reasonable, and I find it sufficient to explain the filing of the petitions outside reasonable time for filing the petitions.
The consequences to Dr. Hooper and Columbus of not deciding the petitions for the writ of mandamus on the merits are severe. The introduction of the testimony *963 of the expert witnesses during a combined trial of the claims against Columbus and Dr. Hooper would have a highly prejudicial effect on the rights of Dr. Hooper not to have such evidence introduced against him in this case. Further, the apparent decision of the trial court to rely on limiting instructions to the jury following the admission of the evidence instead of severing the claims for trial would appear to be inappropriate, inadequate, and unauthorized pursuant to § 6-5-551, Ala.Code 1975, which provides: “Any party shall be prohibited from conducting discovery with regard to any other act or omission or from introducing at trial evidence of any ... act or omission [other than the act or omission which is the subject of the claim].” (Emphasis added.)
I would accept the petitions as timely filed'and decide the petitions on their merits. Therefore, I respectfully dissent.